NH v. US DOE, et al.                          CV-01-346-M    05/16/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

State of New Hampshire, Department
of Administrative Services;
Department of Transportation;
State Treasurer; and Department
of Education, Division of
Vocational Rehabilitation,
Bureau of Services for the
Blind and Visually Impaired,
    Petitioners

    v.                                   Civil No. 01-346-M
                                         Opinion No. 2002 DNH 097

United States Department of
Education and the New Hampshire
Committee of Blind Vendors
(David Ramsey, John Loveday,
John Toomey, Melinda Conrad,
Wayne Aldrich, Norman Jitras,
Michael Rossi, John Scarlotto
and Martha York),
    Respondents.

**O R D E R**

In these consolidated cases (01-346-M and 01-347-JD), four

New Hampshire state agencies are appealing an administrative

decision by an arbitration panel convened by the United States

Department of Education ("US DOE"). The arbitrators determined

that New Hampshire violated the rights of the New Hampshire

Committee of Blind Vendors ("Blind Vendors"), as established

under 23 U.S.C. § 111(b), by failing to extend to Blind Vendors a right of first refusal with respect to the operation of vending machines at rest areas along New Hampshire's interstate highways. Before the court is respondents' motion to dismiss three of the four petitioners on grounds that they are not proper parties to this litigation. All four petitioners object. For the reasons given below, respondents' motion is granted.

In 1998, Blind Vendors sued the New Hampshire Department of Administrative Services ("DAS") claiming that DAS had violated its right to a priority, under 23 U.S.C. § 111(b), with regard to operating vending machines at rest areas along the state's interstate highways. See N.H. Comm. of Blind Vendors v. N.H. Dep't of Admin. Servs., 98-011-M. Rather than defending on the merits of the claim, DAS successfully moved to dismiss on grounds that this court lacked subject matter jurisdiction, due to Blind Vendors' failure to exhaust available administrative remedies.[1] The only possible administrative remedy available to Blind Vendors – and the remedy ordered by the court, on DAS's motion –

---

[1] DAS now contradicts itself and says that, based upon post-1998 decisional law, it would no longer make the argument it did in 98-011-M, and that it was error for the court to have relied upon its argument and to have granted the relief it requested.

2

was the process outlined in 20 U.S.C. §§ 107d-1 and d-2, part of the Randolph-Sheppard Vending Stand Act.

Blind Vendors promptly pursued those administrative remedies, as the State requested, through the New Hampshire Department of Education ("NH DOE"), as specified in 20 U.S.C. § 107d-1(a). DAS also successfully moved to dismiss that proceeding, on grounds that NH DOE did not have jurisdiction over Blind Vendors' complaint. Blind Vendors appealed to the Secretary of the United States Department of Education, under the provisions of 20 U.S.C. § 107d-1. Consistent with common practice, Blind Vendors complained against NH DOE, the decision maker, rather than DAS, the administrative opponent below. Blind Vendors did not attempt to join DAS, DOT, or the State Treasurer in its administrative complaint against NH DOE, nor did any of those agencies seek to intervene in Blind Vendors' administrative appeal. Pursuant to 20 U.S.C. § 107d-2(a), the Secretary convened an arbitration panel which twice ruled in favor of Blind Vendors, first by denying NH DOE's motion to dismiss for lack of jurisdiction, and then by granting Blind Vendors relief on the merits.

In response to the decision of the arbitration panel, two suits were filed in this court, one by NH DOE (01-347-JD), the other by three executive branch agencies: DAS, the New Hampshire Department of Transportation ("DOT"), and the State Treasurer (01-346-M).[2] Both actions purport to be appeals from the decision of the US DOE arbitration panel, as authorized by 20 U.S.C. § 107d-2(a). By order dated January 16, 2002, the two suits were consolidated, with 01-346-M designated as the main case.

Blind Vendors now moves to dismiss DAS, DOT, and the State Treasurer as parties to this suit, on grounds that: (1) those agencies did not participate in the administrative proceeding before the US DOE arbitration panel, have not exhausted whatever administrative remedies they may have had and, therefore, are not proper parties to NH DOE's administrative appeal; and (2) even if those agencies are not subject to an exhaustion requirement, and are proper parties to this suit, they may not adopt legal

---

[2] DOT and the State Treasurer claim to have standing in this case because they currently share the revenues generated by vending machines operated at interstate highway rest areas, and would lose that income should Blind Vendors be awarded the right to operate the rest area vending machines.

positions independent of or contrary to those of NH DOE, because each is an executive branch agency (that is, each agency is "the State").

DAS, DOT, and the State Treasurer counter that: (1) they were not obligated to exhaust administrative remedies because 23 U.S.C. § 111(b), the statute under which Blind Vendors seeks relief, provides for no administrative remedies; (2) they could not intervene in the proceeding before the US DOE arbitration panel – despite having interests different from those of NH DOE – for fear that by doing so they would waive Eleventh Amendment immunity; and (3) they do have standing to sue because each has a discrete property interest in the revenue from vending machine operations at interstate highway rest areas.

The question before the court is whether the interests of the State of New Hampshire in this action may be represented by more than one state agency. Under the relevant rule of civil procedure, ". . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." FED. R. CIV. P. 17(b). DAS, DOT, and the State Treasurer have

identified no New Hampshire legal authority supporting the notion that the State's interests in this case should be represented by more than one subordinate executive branch agency. Moreover, none of the four agencies that have petitioned this court for relief appear to possess those characteristics that make agencies, such as the New Hampshire Housing Finance Authority, the municipal bond bank, and the New Hampshire Retirement System, "legislatively created entit[ies] independent of the executive branch . . . ." N.H. Ret. Sys. v. Sununu, 126 N.H. 104, 107-08 (1985). As between NH DOE, on the one hand, and DAS, DOT, and the State Treasurer, on the other, it seems beyond serious question that NH DOE, as the agency that appeared and acted on behalf of the State before the US DOE arbitration panel, is certainly a proper party to bring an appeal from the decision of that panel.

But, of course, the State's interests, in the end, are ultimately determined (within the executive branch) by the Governor, and are represented by the Attorney General. See RSA 7:6 (Supp. 2001) ("The attorney general shall act as attorney for the state in all criminal and civil cases . . . in which the

state is interested . . .").  Any internal "conflicts" between or among state agencies are resolvable by the Governor, or the Attorney General as necessary, to formulate the State's position. See RSA 7:8 (1988) (the attorney general "shall, under the direction of the governor and council, exercise a general supervision over the state departments, commissions, boards, bureaus, and officers, to the end that they perform their duties according to law").  Accordingly, respondents' motion to dismiss DAS, DOT, and the State Treasurer is granted, since NH DOE, the nominal agency-party, acting under the direction of the Governor and Executive Council, and the Attorney General, can fully and completely present the State's case.

The court notes, by way of conclusion, that nothing in this ruling should place the State at any disadvantage.  While DAS, DOT, and the State Treasurer contend that it would be naïve to assume that they have the same interests as NH DOE, see Mem. Supp. Obj. to US DOE's Mot. to Dismiss Certain Pet'rs at 8, they also assert that they have taken no legal positions "that are contradictory to the position taken by any other state entity," id. at 10-11.  To the extent state agencies find themselves in

7

intramural disputes, they must look to the Governor and Council, or the Attorney General, for resolution and not a federal court. The State is quite capable of sorting out executive branch disagreements and formulating its position in this and other litigation matters. Certainly, the Attorney General possesses all the authority necessary to resolve intramural legal disputes among executive agencies. See RSA 7:8.

The limited relief granted by this order seems especially appropriate in light of the history of this litigation, in which the State: (1) argued, in 98-011-M, that this court lacked jurisdiction over Blind Vendors' complaint; (2) argued in the administrative proceeding before NH DOE that NH DOE lacked jurisdiction over Blind Vendors' complaint, despite having just argued in this court that Blind Vendors had to exhaust available administrative remedies before coming to court; and (3) now says that: (a) it would no longer argue, as it did in 1998, that Blind Vendors had to exhaust available administrative remedies; and (b) it was error, in 1998, for this court to have relied upon the State's argument and legal position. Blind Vendors has had to litigate against more contradictory legal maneuvering than common

8

courtesy should permit.  The State's suggestion that multiple executive branch agencies should now be allowed to present inconsistent positions on the pending issues would lead to more, not less, prejudice to Blind Vendors, and as noted, the State is capable of resolving its own intramural disagreements.

Because DAS, DOT, and the State Treasurer have pointed to no authority under New Hampshire law for the proposition that the State may assert contradictory interests peculiar to subordinate executive branch agencies in litigation, the motion to dismiss DAS, DOT, and the State Treasurer as named parties is granted. The State is fully capable of determining and asserting its legitimate legal interests, as the State.  Absent a motion to substitute the State of New Hampshire for NH DOE, as the real party in interest, the representative state agency, NH DOE, shall remain the sole nominal plaintiff/appellant.

       **SO ORDERED.**

                              _____
                              Steven J. McAuliffe
                              United States District Judge

May 16, 2002

cc: Jack B. Middleton, Esq.
      Joshua Z. Rabinovitz, Esq.
      Nancy J. Smith, Esq.
      Emily G. Rice, Esq.